# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **SUMMITONE FEDERAL CREDIT UNION,** <br><br> Plaintiff, <br><br> v. <br><br> **CUMIS INSURANCE SOCIETY, INC.,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 1:10cv14** <br><br> **District Judge Ted Stewart** <br><br> **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) CUMIS Insurance Society, Inc.'s ("Defendant") motion to compel SummitOne Federal Credit Union ("Plaintiff") to respond to the outstanding discovery requests[2] and (2) Plaintiff's pleadings entitled "Stipulation for Protective Order"[3] and "Protective Order."[4] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the matters on the basis of the

---

[1] *See* docket no. 15.

[2] *See* docket no. 13.

[3] *See* docket no. 17.

[4] *See* docket no. 18.

written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

### Defendant's Motion to Compel

Defendant moves this court for an order compelling Plaintiff to respond to its first set of interrogatories and document requests. Defendant asserts that at the time the motion to compel was filed, Plaintiff's responses were weeks overdue. In its memorandum in opposition, Plaintiff does not dispute that it failed to produce the documents requested. Rather, Plaintiff asserts that the discovery requests are duplicative of the information provided in its initial disclosures pursuant to rule 26(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1). Plaintiff further contends that there is sufficient time for discovery to be completed even if the responses were delayed because the discovery cutoff is not until December 1, 2010. The court concludes that Plaintiff's arguments are unpersuasive. Plaintiff has a duty to respond to all of Defendant's discovery requests in a timely fashion. As such, Defendant's motion is **GRANTED**. Plaintiff is ordered to fully respond to Defendant's discovery requests by October 15, 2010.

Defendant also requested attorney fees and expenses it incurred in filing the motion to compel. While the court declines to award attorney fees and costs in this particular instance, the court is willing to do so in the future if Plaintiff does not make every good faith effort to comply with the discovery rules and orders of this court.

**Plaintiff's Protective Order Pleadings**

On July 2, 2010, Plaintiff filed two pleadings regarding entry of a protective order in this matter. The first pleading is entitled "Stipulation for Protective Order" and is signed by counsel for both parties. The second pleading is entitled "Protective Order" with a blank space for Magistrate Judge David Nuffer's signature. On July 6, 2010, the Clerk of Court issued a Notice of Deficiency[5] regarding the "Stipulation for Protective Order." The notice was intended to inform Plaintiff that its "Stipulation for Protective Order" was filed incorrectly and that it should be refiled as a stipulated *motion* for a protective order. The notice was also intended to inform Plaintiff that the correct magistrate judge assigned to this case is Judge Warner and that the motion and proposed protective order should be corrected accordingly.

To date, Plaintiff has failed to refile the pleading or otherwise respond to the Notice of Deficiency. While it appears that the protective order has been agreed to by both parties, it has not been entered by the court. If the parties would like it to be entered by the court, either party may make the requested corrections and refile the pleading as a stipulated motion for a protective order.

**IT IS SO ORDERED.**

DATED this 28th day of September, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 20.