# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **SUMMITONE FEDERAL CREDIT UNION,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 1:10cv14 |
| **CUMIS INSURANCE SOCIETY, INC.,** | **Chief District Judge Ted Stewart** |
| Defendant. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is CUMIS Insurance Society, Inc.'s ("Defendant") second motion to compel SummitOne Federal Credit Union ("Plaintiff") to respond to outstanding document requests.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the matters on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 15.

[2] *See* docket no. 33.

## I. Motion to Compel

Defendant moves this court a second time for an order compelling Plaintiff to fully respond to its document requests. On September 28, 2010, this court ordered Plaintiff to respond in full to Defendant's discovery requests by October 15, 2010 ("September 28 Order"). Defendant asserts that while Plaintiff produced some documents, Plaintiff's "responses on the critical documents were woefully incomplete."[3] Defendant attempted to address the alleged deficiencies with Plaintiff through email prior to seeking court intervention. Plaintiff eventually responded to Defendant's emails but apparently did not address all of Defendant's concerns. Plaintiff did, however, indicate that it would provide the loan policies requested. Nevertheless, Plaintiff failed to produce the documents.

Defendant asserts that the following documents remain outstanding:

1. Complete copies of all loan policies in effect 2005 through 2009;

2. Complete copies of all management letters;

3. All documents relating to the Ad Hoc Committee on Construction Loans;

4. John Palmer's ("Mr. Palmer"), Plaintiff's CEO, analysis of construction loans;

5. All documents relating to construction loans from Crane, Christenson & Ambrose and Schmitt, Griffith & Smith; and

6. Plaintiff's response to the construction loan issues referenced in the June 20, 2010 Supervisory Committee minutes.

---

[3] Docket no. 34 at 2.

In its opposition memorandum, Plaintiff asserts that it has "produced several thousand pages of documents" and that "its response has been complete."[4] The court will now address each outstanding document request.

**(1) Loan Policies (2005 to 2009):** Plaintiff asserts that it does "not maintain its loan policies in annual order . . . [but] a copy of the loan policies will be provided."[5] Plaintiff then contends that there is "nothing further to produce unless [Defendant] identifies changes to policies from the Board Minutes."[6]

In response, Defendant asserts that Plaintiff has not complied in full with this request because Defendant found references to loan policies in Plaintiff's board meeting minutes that have not been produced. Defendant argues that it is not Defendant's responsibility to go through the board minutes to identify what is missing. The court agrees. It is Plaintiff's responsibility to sort through its records to locate documents that are responsive to Defendant's request for loan policies in effect from 2005 through 2009. As such, this portion of Defendant's motion is **GRANTED**. Plaintiff is ordered to produce the requested documents to Defendant within 20 days of the date of this order.

**(2) Management Letters:** Plaintiff contends that it has provided all "documents related to management letters that are available"[7] but it also states that it has been in contact with

---

[4] Docket no. 35 at 1.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

Schmitt, Griffith & Smith to obtain the documents related to those letters. Defendant contends that Plaintiff produced only one or two pages from several management letters but has not provided complete copies. Because it appears that Plaintiff has failed to produce complete copies of the requested documents, this portion of Defendant's motion is **GRANTED**. Plaintiff is ordered to produce the requested documents to Defendant within 20 days of the date of this order. If complete copies of these documents cannot be produced, Plaintiff must provide Defendant with an affidavit detailing the reasons why the documents have not been produced–e.g., documents do not exist in response to the request for production, the responsive documents are not in Plaintiff's possession or control, or some privilege prevents production of the documents.

**(3) Ad Hoc Committee on Construction Loans:** Plaintiff contends that there are no documents related to the Ad Hoc Committee on Construction Loans and that a "policy change [was] made in the May 17, 2007 Board minutes."[8] Plaintiff does not state what that change was or how it may have impacted the Ad Hoc Committee on Construction Loans, nor do the minutes from that meeting provided to the court by Defendant. Accordingly, Plaintiff is ordered to produce all documents related to the Ad Hoc Committee on Construction Loans within 20 days of the date of this order. That said, to the extent that there are no such documents, Plaintiff shall provide an affidavit to Defendant stating that the documents do not exist and detailing any efforts made to locate them. As such, this portion of Defendant's motion is **GRANTED**.

---

[8] *Id.*

**(4) John Palmer's Analysis of Construction Loans:** Plaintiff asserts that Mr. Palmer's analysis of the construction loans is ongoing and that it is providing the analysis as it existed June 5, 2010. Defendant contends that while Mr. Palmer's analysis may have changed, Plaintiff is still under an obligation to provide Mr. Palmer's previous analysis that was presented to the Board of Directors on April 23, 2008. The court agrees and **GRANTS** this portion of Defendant's motion. Accordingly, Plaintiff is ordered to produce Mr. Palmer's analysis of construction loans referenced in the April 23, 2008 minutes within 20 days of the date of this order.

**(5) Construction Loan Documents from Accounting Firms:** Plaintiff asserts that "[t]he available documents were produced" from Schmitt, Griffith & Smith, but that Crane, Christenson & Ambrose has not "done accounting or auditing work" for Plaintiff.[9] In response, Defendant asserts that Plaintiff does not state what "other documents exist but were not available for production."[10] To the extent that Plaintiff has not yet produced all documents related to construction loans from its accounting firms, it is ordered to do so within 20 days of the date of this order. If Plaintiff has produced all of the requested documents, Plaintiff shall provide an affidavit to that effect to Defendant. As such, this portion of Defendant's motion is **GRANTED**.

**(6) Supervisory Committee Documents:** Plaintiff asserts that the requested documents are a response to a Document of Resolution from the National Credit Union Administration ("NCUA") and, because of that, are subject to restrictions on discovery. Plaintiff

---

[9] *Id.* at 3.

[10] Docket no. 36 at 4.

contends that it could not produce the documents because Defendant has not provided a proposed protective order with the approval of the NCUA. Since the filing of this motion, the parties have entered into a protective order[11] that is apparently acceptable to the NCUA. Accordingly, this portion of Defendant's motion is **GRANTED**. Plaintiff is ordered to produce the requested documents within 20 days of the date of this order.

## II. Attorney Fees and Costs

Defendant seeks an award of attorney fees and costs for both the original motion to compel and the instant motion to compel. In its September 28 Order, this court indicated that it would be willing to award fees and costs if Plaintiff failed to make every good faith effort to comply with the discovery rules and orders of this court.[12] While Defendant should not have to resort to court intervention to get the information to which it is entitled, the court is not willing to award attorney fees and costs for *both* motions to compel. That said, because Plaintiff's conduct necessitated a second motion to compel, the court is awarding Defendant its reasonable attorney fees and costs incurred in filing the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides:

If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing

---

[11] *See* docket no. 29.

[12] *See* docket no. 24.

party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

*Id.* The court concludes that (1) Defendants attempted in good faith to obtain the requested documents without resorting to court intervention, (2) Plaintiff's failure to provide the requested documents was not substantially justified, and (3) there are not other circumstances that would make such an award unjust. *See id.* Consequently, the court has determined that Defendant is entitled to its reasonable fees and costs under rule 37(a)(5)(A). At the same time, the court recognizes that before any sanctions can be imposed against Plaintiff under rule 37(a)(5)(A), Plaintiff must be provided with an opportunity to be heard on that issue. *See id.* Accordingly, in order to fully inform the court on the issue, and to provide Plaintiff with the requisite opportunity to be heard, the parties are directed to make the following filings. Within fourteen (14) days of the date of this order, Defendant shall file with the court an affidavit and cost memorandum detailing its attorney fees and costs incurred in bringing the instant motion. Within fourteen (14) days of the filing date of Defendant's affidavit and cost memorandum, Plaintiff shall file a written submission detailing its position on the issue. After receipt of those filings, the court will make a final determination concerning the award of fees against Plaintiff.

Based on the foregoing, Defendant's motion is **GRANTED**, as detailed above.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge