IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SUMMITONE FEDERAL CREDIT UNION, Plaintiff, vs. CUMIS INSURANCE SOCIETY, INC., Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT  Case No. 1:10-CV-14 TS |

This matter is before the Court on cross motions for summary judgment.[1] For the reasons provided below, the Court will deny both Motions.

I.  BACKGROUND

Plaintiff SummitOne Federal Credit Union ("SummitOne") is a federally chartered credit union based out of Ogden, Weber County, Utah. CUMIS Insurance Society, Inc. ("CUMIS") is an insurance company, based out of Wisconsin, that does business in Weber County, Utah. SummitOne was insured by CUMIS pursuant to Form 500 CUMIS Credit Union Bond Number

---

[1] *See* Docket Nos. 54 & 56.

1

143-0118-0 (the "bond"). In December 2006, SummitOne filed a claim of loss under the bond. At issue is whether CUMIS is obligated to make payment.

A.  KEY LANGUAGE FROM THE BOND

Under the "coverages" section of the bond, subsection J is titled "Faithful Performance - Enhanced." That section provides that "[w]e will pay you for your loss resulting directly from a named 'employee's' 'failure to faithfully perform his/her trust,'" and "The Application Of Realized Earnings In Loan Losses Condition does not apply to this coverage."[2]  The bond's definitions section includes the following:

> "Failure to faithfully perform his/her trust" means acting in conscious disregard of your established and enforced share, deposit or lending policies.
>
> "Failure to Faithfully perform his/her trust" does not mean:
>   a. Negligence, mistakes or oversights; or
>   b. Acts or omissions resulting from inadequate training; or
>   c. Unintentional violation of laws or regulations; or
>   d. Unintentional violation of your policies or procedures; or
>   e. Acts or omissions known to, acquiesced in, or ratified by your Board Of Directors; or
>   f. Acts of an "employee" for which you could have made claim under Employee Or Director Dishonesty Coverage.[3]

The bond's exclusions section provides that CUMIS will not pay for:

> 1.  Attorneys' Fees
>
>     Any attorneys' fees, court costs or other legal expenses incurred by you, except as may be covered under:
>     a. Defense Costs Coverage; or
>     b. Extortion-Kidnap/Investigation Expense Coverage; or

---

[2] Docket No. 60, at 19.

[3] *Id*. at 35.

        c. Safe Depository Coverage found within Safe Deposit Box Endorsement; or

        d. Consumer Legislation Endorsement

. . . .

12.      Indirect Loss

      Any indirect or consequential loss, including, but not limited to:

      a. Loss of use of property; or

      b. Diminution of value of property; or

      c. Earnings or interest not realized by you, whether past, present or future, earned or unearned.

      However, compensatory damages sought against you for prejudgement interest, attorneys' fees or loss of use of property will not be excluded from any applicable coverage by reason of this exclusion.[4]

The bond's conditions section provides:

12.      Your Duties In Event Of Loss

      You must do the following in event of a loss:

      a. Within 180 days after notice of Discovery Of Loss to us, submit a complete, sworn Proof Of Loss. It must include the necessary explanation and documentation to prove the cause of the loss, the amount of the loss and the identity of the persons, if known, who caused the loss. The sworn Proof Of Loss must be signed by the President or Chairperson of the Board Of Directors and the signature must be notarized. In order to obtain coverage under Faithful Performance Coverage or Faithful Performance-Enhanced Coverage, you must name in the Proof Of Loss the "employee" who "fails to faithfully perform his/her trust"; and

      b. Take all reasonable measures to minimize the loss after learning of it, including collection or other efforts; and

      c. Give us reasonable access to your property, books, records and operations that are relevant to the loss; and

      d. Notify the appropriate law enforcement authorities if a criminal law may have been broken; and

---

[4]*Id*. at 41, 43.

3

      e. Permit us to question your "directors" and "employees" at reasonable times. The questioning may be under oath, and they may be required to sign their statements; and
      f. Immediately send us any legal papers or notices received concerning the loss; and
      g. Cooperate with us in all matters pertaining to the loss.

. . . .

15.    Application Of Realized Earnings in Loan Losses

    1. If you incur a covered loss resulting from a "loan," we will reduce the amount of your covered loss by the amount of your realized earnings, including interest and fees, on that "loan."
    2. If you incur a covered loss under Employee Or Director Dishonesty Coverage resulting from a "loan," we will reduce the amount of your covered loss by the amount of your realized earnings, including interest and fees:
      a. On that "loan"; and
      b. On any other dishonest "loans" originated or caused by the same dishonest "employee" or "director."[5]

B.    FACTUAL BACKGROUND

This dispute involves nine construction loans issued by SummitOne. SummitOne asserts that two of its employees issued each of the subject loans in violation of SummitOne's construction lending policy. At the time in question, SummitOne did have a written loan policy, including a policy for construction lending. However, it is unclear to the Court which, if any, of these policies were actually enforced.

According to SummitOne, the construction loan policy made construction loans to "qualifying members" for construction of owner occupied primary residences. Qualifying members were those who (1) meet the credit union underwriting standards and the underwriting

---

[5]*Id*. at 57-59.

standards for secondary market guidelines for long term financing and (2) meet net income requirements.  CUMIS notes that there were two separate SummitOne construction loan policies, one of which actually allowed construction of "four unit condominiums built for owner occupation and rental or resale."[6]  The parties agree that SummitOne's loan policy provided lending limits for loan officers.  Under SummitOne's loan policy lending limits, all loans had to be approved by either the Management Committee[7] if less than $200,000, or the Executive Committee[8] if greater than $200,000.[9]  Under SummitOne's standard lending limits, loan officers could not approve construction loans of any amount.[10]

The employees involved in the nine disputed loans were the Chief Operating Officer, Cameron Shirra, and a mortgage loan officer, Dale Thorne.  No evidence has been presented to the Court on these Motions to indicate that any of the loans are violative of SummitOne's underwriting or income requirements.  Nor have the parties presented any evidence that the loans at issue were for construction of structures other than primary residences.  However, the parties do not dispute that the loans in question were all for amounts greater than $200,000.

---

[6] Docket No. 62 Ex. 2, at 1.

[7] According to SummitOne's written loan procedure, the Management Committee is comprised of the loan officer referring the application and the Credit Manager or the Credit Union President.  Two of the three are required for loan approval.  Docket No. 57, at 23-24, 26-27.

[8] The Executive Committee is comprised of the Loan officer referring the loan, the Credit Manager and the President.  A unanimous decision is required for loan approval.  *Id*. at 24, 27.

[9] *See id.* at 25, 28.

[10] *Id*.

SummitOne has presented evidence that none of the loans in questions received approval from the Executive Committee, as is required by SummitOne's written policy. CUMIS agrees that Executive Committee approval was not obtained, but presents evidence that this policy was not actually enforced.[11]

On December 5, 2006, SummitOne sent CUMIS a letter notifying it of a claim of loss. This original notice of loss only named one employee, Mr. Thorne, as the employee that caused the loss. The parties agree that Mr. Thorne did not, and could not, as a loan officer, approve the loans at issue in this case. The loans at issue in this case were approved by Mr. Shirra.[12] SummitOne never identified Mr. Shirra as the unfaithful employee under the bond until it filed suit.

Defendant CUMIS filed its Motion for Summary Judgment[13] requesting that the Court grant it summary judgment because SummitOne failed to identify an unfaithful employee—Mr. Shirra—as required by the terms of the bond and CUMIS was prejudiced in investigating the claim and the alleged wrongdoer prior to the filing of this case. Alternatively, CUMIS requests the Court grant partial summary judgment on three[14] loans that it alleges can claim no loss and thus are not covered by the bond. Also pending before the Court is SummitOne's Motion for

---

[11] *See* Docket No. 62 Ex. 4, at 47-48, 118.

[12] Docket No. 55, at 2.

[13] Docket No. 54.

[14] In its Reply brief, CUMIS adds a fourth loan that it asserts has no claim of loss. *See* Docket No. 64, at 7.

Summary Judgment.[15]  In its Motion, SummitOne requests that the Court grant it judgment against CUMIS for $1,020,024.98, plus prejudgment interest until the date paid at 8.0% per annum, and court costs.  SummitOne asserts that it has met its burden on summary judgment as to each of its claims and is entitled to compensation pursuant to the bond.

## II.  STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[16]  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[17]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[18]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[19]  "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[20]  In considering whether a genuine issue of material fact exists, the Court determines

---

[15]Docket No. 56.

[16]Fed.R.Civ.P. 56(a)

[17]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[18]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[19]*Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[20]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[21]

### III.  DISCUSSION

An insurance agreement is a contract, and thus the terms of the contract will govern in resolving any dispute.[22]  If there is any ambiguity in the contract terms, resolution of the ambiguity is a matter of law.[23]  If the contract is an insurance contract, "ambiguous provisions are usually construed against the insurer without resort to extrinsic evidence, because insurance contracts are ordinarily standard forms, whose language is not negotiated by the parties."[24]

A.   NOTICE AND PREJUDICE

CUMIS argues that SummitOne did not provide proper notice under the terms of the bond because it did not name Mr. Shirra in its Proof Of Loss.  Condition twelve of the bond indicates that within 180 days after notice of Discovery Of Loss to CUMIS, SummitOne must submit a complete, sworn Proof Of Loss.  The condition further states that "[i]n order to obtain coverage under Faithful Performance Coverage or Faithful Performance-Enhanced Coverage, you must name in the Proof Of Loss the 'employee' who 'fails to faithfully perform his/her trust.'"[25]

---

[21] *See id*. at 249; *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[22] *Home Sav. & Loan v. Aetna Cas. & Surety Co.*, 817 P.2d 341, 347 (Utah Ct. App. 1991) (citing *LDS Hospital v. Capitol Life*, 765 P.2d 857, 858 n.2 (Utah 1988); *Wilburn v. Interstate Elec.*, 748 P.2d 582, 585 (Utah Ct. App. 1988)).

[23] *Id.* (citing *Village Inn Apartments v. State Farm Fire & Cas. Co.*, 790 P.2d 581, 582 (Utah Ct. App. 1990)).

[24] *Id.* (citing *LDS Hospital*, 765 P.2d at 858; *Wilburn*, 748 P.2d at 585 n.2).

[25] Docket No. 60, at 57.

Here, SummitOne identified only Mr. Thorne as the unfaithful employee in its Proof Of Loss.  Mr. Shirra was not included as an employee who failed to faithfully perform his trust until the filing of the instant action.  At this stage, CUMIS does not argue that SummitOne's notice was otherwise deficient.

"Failure to give notice or file proof of loss [within the time specified in the policy] does not bar recovery under the policy if the insurer fails to show it was prejudiced by the failure."[26]  Applicable Utah law places the burden on CUMIS to show that it suffered some prejudice due to the failure of notice.  If the matter of prejudice "could depend on a variety of factors," then it is almost certainly a matter for a fact-finder to determine.[27]  Moreover, this Court has previously held that "when discovery of employee dishonesty and/or loss occurs is 'a relatively difficult, subjective' question—especially when the matter involves distinguishing between matters that give rise to a suspicion and confirmation of that suspicion."[28]

SummitOne does not dispute that it failed to provide notice of Mr. Shirra's involvement in its Proof Of Loss.  However, SummitOne argues that CUMIS was not prejudiced by this failure.  Thus, the primary issue before the Court is whether Defendant was prejudiced by Plaintiff's failure to name Mr. Shirra within the 180 days required by the bond.

---

[26]Utah Code Ann. § 31A-21-312(2).

[27]*See Mullin v. Travelers Indem. Co. of Conn.*, 541 F.3d 1219, 1227 (10th Cir. 2008) (addressing an insurance contract under Utah law).

[28]*Transwest Credit Union v. Cumis Ins. Society*, 2011 WL 3791310, at *3 (D. Utah Sep. 21, 2010) (quoting *Home Sav. & Loan*, 817 P.2d at 355).

This issue involves a number of questions of fact that cannot be resolved on a motion for summary judgment. SummitOne has presented evidence that CUMIS knew of Mr. Shirra's involvement in the loans in early 2007 and could have done more to discover the scope of his involvement.[29] Moreover, evidence has been presented that Mr. Thorne was involved in the loan transactions in question. Both of these facts could lead a reasonable jury to believe that CUMIS was not prejudiced by SummitOne's failure to inform CUMIS of Mr. Shirra in its Proof Of Loss. Both of these issues are disputed, thus, summary judgment is not appropriate.

B.      INTEREST AND ATTORNEYS' FEES

CUMIS moves the Court to dismiss a number of loans because it asserts SummitOne has already been paid the principal balance on each of the loans in question. SummitOne argues that it is entitled to payment on the loans because the moneys received through settlement on each of the loans was applied first to past due interest and attorneys' fees and next to principal. Each party supports its argument by citing to different provisions of the bond.

The proper interpretation of the bond is an issue of law to be decided by the Court. As stated above, under Utah law, ambiguities in an insurance contract "are usually construed against the insurer."[30]

---

[29]*See* Docket No. 63, at 8-9.

[30]*Home Sav. & Loan*, 817 P.2d at 346 (citing *LDS Hospital*, 765 P.2d at 858; *Wilburn*, 748 P.2d at 585 n.2).

       1.     INTEREST

The parties agree that the "Enhanced" version of the Faithful Performance clause covers interest collected and applied to loans. The Court finds that such is a correct reading of the bond language, because the "Enhanced" clause provides a waiver of the "Application Of Realized Earnings In Loan Losses Condition." Said condition is the clause by which SummitOne would have lost right to interest already collected and applied to loans.

The Court notes that this "Enhanced" clause also provides a waiver of what this Court has found to be the general rule in these circumstances. The Tenth Circuit has instructed that "[i]n terms of loss with respect to the making of loans, a bank suffers a loss when funds are disbursed due to the employee's wrongful conduct. The measure of damage of the actual loss regarding a loan is the outstanding balance due on the loan."[31] In applying this language, this Court has held that a "[p]laintiff's loss must be determined from the time the funds were wrongfully distributed" and "any interest accrued after the initial loan was made should not be considered as part of the claim."[32] Thus, ordinarily if "money is owed under the claim, the amount of the claim will be the amount of the original loan[] minus any payments made or moneys recovered via foreclosure or other means."[33]

---

[31] *FDIC v. United Pacific Ins. Co.*, 20 F.3d 1070, 1080 (10th Cir. 1994) (internal citation omitted).

[32] *Transwest Credit Union*, 2011 WL 3791310, at *5.

[33] *Id.*

Under the terms of the "Enhanced" clause, it is clear that money collected and applied to outstanding interest at the time the money is received is not deducted from the claim amount.[34]  It is also undisputed by the parties that accrued interest that remains unpaid is not covered by the "Enhanced" clause.[35]  Thus, as to interest, the parties are in agreement that the "amount of [SummitOne's] covered loss" will not be reduced "by the amount of [SummitOne's] realized earnings, including interest and fees, on [the] 'loan[s].'"[36]  Such a finding is in accordance with the terms of the bond.

As the party seeking summary judgment, CUMIS bears the initial burden of demonstrating an absence of a genuine issue of material fact as to whether there was a loss on the loans at issue.[37]  CUMIS argues that it is entitled to summary judgment on the loans because the payoff statements submitted by SummitOne demonstrate that SummitOne has received payment in excess of the principal amount it was owed and because SummitOne has failed to provide a detailed break down of charges for the loans in question.  In effect, CUMIS seeks an inference from this Court that SummitOne could not have suffered a loss under the loan because the payments received in settlement exceed the principal amount owed.  SummitOne contends that summary judgment is improper because the amounts recovered are applied first to the costs and

---

[34]Docket No. 64, at 8.

[35]Docket No. 63, at 11.

[36]Docket No. 60, at 58.

[37]*Celotex Corp.*, 477 U.S. at 323.

interest owed on each loan and then to the principal[38]—inferring that all of the stated losses are principal.[39]

At summary judgment the Court is required to construe all facts and reasonable inferences in the light most favorable to SummitOne as the nonmoving party.[40] Because CUMIS is the movant, the Court declines to adopt the asserted inference that payment in excess of the payoff statements demonstrates a lack of loss. For this reason, the Court finds that CUMIS has failed to meet its initial burden of demonstrating an absence of a genuine issue of material fact as to whether there was a loss on the loans at issue. Therefore, the Court will decline to grant summary judgment on this issue.

2.  ATTORNEYS' FEES

The parties also dispute the recoverability of attorneys' fees incurred in connection with the collection of the loans in issue. Under the terms of the bond, SummitOne does have the duty in event of loss to "take all reasonable measures to minimize the loss after learning of it including collection or other efforts."[41] However, the bond also excludes coverage for "[a]ny attorneys' fees, court costs or other legal expenses incurred by [SummitOne]."[42] SummitOne

---

[38] Docket No. 63, at 12.

[39] The Court notes that SummitOne does not cite to any evidence on the record to support its assertion that amounts recovered are applied first to costs and interest and then to principal.

[40] *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Wright*, 925 F.2d at 1292.

[41] Docket No. 60, at 57.

[42] *Id.* at 41.

appears to argue that it should be allowed to recover its attorneys' fees expended in its collection activities because the bond provided for a duty to pursue collection.

The Court does not find these two clauses contradictory. As a party to the insurance contract, SummitOne can be required to pursue collections activities and pay for the attorneys' fees expended in said effort. Therefore, in accordance with the clear terms of the bond, SummitOne will not be allowed to recover attorneys' fees incurred through its collection activities.

C.     SUMMITONE'S MOTION FOR SUMMARY JUDGMENT

SummitOne also asserts that it has met its burden as to each of its claims and the Court should grant it summary judgment on all its claims in this action. SummitOne argues that it is an uncontroverted fact that Mr. Cameron Shirra alone approved the loans in violation of SummitOne's lending policy and that its loan balances are correct and established by affidavit, thus entitling it to summary judgment.

The bond provides that "[CUMIS] will pay [SummitOne] for [its] loss resulting directly from a named 'employee's' 'failure to faithfully perform his/her trust.'"[43] Failure to faithfully perform one's trust is defined as "acting in conscious disregard of [SummitOne's] established and enforced share, deposit or lending policies."[44]

The Court will deny SummitOne's Motion on several grounds. First, SummitOne has failed to demonstrate as a matter of law that its losses are the direct result of the failure of its

---

[43]*Id*. at 19.

[44]*Id*. at 35.

employees.  SummitOne asserts that, under this Court's holding in *Transwest Credit Union v. Cumis Ins. Society*,[45] it is merely required to demonstrate a loss resulting from wrongful conduct in violation of its policy to meet the "direct loss" requirement of the bond.  SummitOne's reading of *Transwest* is too broad.  In order to recover under the bond, SummitOne must still demonstrate that its losses were a direct result of its employees' failure to faithfully perform their trust.

Second, the Court will deny SummitOne's Motion because CUMIS has presented evidence that SummitOne's lending policies were not established or enforced[46] and that the employees in question did not act in conscious disregard of said policies.[47]  Moreover, pursuant to the Court's discussion above, SummitOne has failed to demonstrate on the evidence presented the damages it would be entitled to recover on each of the loans in question.

For the foregoing reasons, the Court finds that there are disputed issues of material fact and will deny SummitOne's Motion for Summary Judgment.

## IV.  CONCLUSION

It is therefore

ORDERED that CUMIS's Motion for Summary Judgment (Docket No. 54) is DENIED.  It is further

---

[45] 2011 WL 3791310.

[46] *See* Docket No. 62 Ex. 1, Ex. 8.

[47] *See* Docket No. 62 Ex. 4, Ex. 7.

ORDERED that SummitOne's Motion for Summary Judgment (Docket No. 56) is DENIED.

DATED   December 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge